UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **NATHANIEL JEANPIERRE, III** | **CIVIL ACTION** |
| **VERSUS** | **NO:   10-4529** |
| **SHERIFF MARLIN GUSMAN, ET AL.** | **SECTION: "B" (4)** |

**REPORT AND RECOMMENDATION**

This matter was referred to the undersigned United States Magistrate Judge to conduct a hearing, including an Evidentiary Hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **28 U.S.C. §§ 636(b)(1)(B) and (C), 1915e(2), and 1915A**, and as applicable, **42 U.S.C. § 1997e(c)(1) and (2)**. Upon review of the entire record, the Court has determined that this matter can be disposed of without an Evidentiary Hearing.

**I.   Factual Summary**

The plaintiff, Nathaniel Jeanpierre, III ("Jeanpierre") was incarcerated in the Orleans Parish Prison in New Orleans, Louisiana, at the time of filing this *pro se* and *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983.[1] He filed this complaint against Sheriff Marlin Gusman and Custodian (Warden, Superintendent, Jailor, or Authorized Person having custody of applicant), after prison officials failed to notify him before drinking allegedly contaminated water.

---

[1]Rec. Doc. 1. He has since been transferred to the Allen Correctional Center in Kinder, Louisiana.

Jeanpierre alleges that on November 12, 2010, he was doing pushups and drinking water from the sink.[2] Jeanpierre claims that subsequently, the water was shut off in the building around 10:00 p.m. or 11:00 p.m. He indicates that he drank more water after it was turned back on.

Jeanpierre alleges that the following day, he watched the news and learned that inmates were told not to drink the water. He claims that he was never notified of this information and that he has a list of other inmates who also drank water during this period.[3]

Jeanpierre filed his grievance on November 23, 2010.[4] He alleged the same facts as specified in his complaint with the court, but further claimed that he felt sick after drinking the water. That same day, he received a response determining it was not a grievance.[5] On November 24, 2010, he was notified by the medical director to complete a sick call request form and provide it to the triage nurse if he is seeking medical care.[6] Jeanpierre subsequently filed this complaint, seeking compensatory relief.[7]

## II.  Standard of Review

Title 28 U.S.C. § 1915A and 42 U.S.C. § 1997e(c) require the Court to *sua sponte* dismiss cases filed by prisoners proceeding *in forma pauperis* upon determination that they are frivolous. The Court has broad discretion in determining the frivolous nature of the complaint. *See Cay v. Estelle*, 789 F.2d 318 (5th Cir. 1986), *modified on other grounds*, *Booker v. Koonce*, 2 F.3d 114 (5th Cir.

---

[2]Rec. Doc. 1, p. 5.

[3]*Id.*

[4]Rec. Doc. 1, p. 7.

[5]*Id.*

[6]Rec. Doc. 1, p. 8. The record does not indicate whether he complied with these instructions.

[7]Rec. Doc. 1, p. 5.

1993).  However, the Court may not *sua sponte* dismiss an action merely because of questionable legal theories or unlikely factual allegations in the complaint.

Under this statute, a claim is frivolous only when it lacks an arguable basis either in law or in fact.  *Neitzke v. Williams*, 490 U.S. 319 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998).  A claim lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist.  *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999).  It lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing fanciful, fantastic, and delusional allegations.  *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *Neitzke,* 490 U.S. at 327-28.  Therefore, the Court must determine whether the plaintiff's claims are based on an indisputably meritless legal theory or clearly baseless factual allegations.  *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994); *see Jackson v. Vannoy*, 49 F.3d 175, 176-77 (5th Cir. 1995); *Moore v. Mabus*, 976 F.2d 268, 269 (5th Cir. 1992).

**III.   Analysis**

    **A.   Sheriff Marlin Gusman**

Jeanpierre names Sheriff Marlin Gusman as a defendant.  He does not, however, set forth any allegations in his Complaint against the Sheriff.  Under a broad reading, it appears that he has named the Sheriff because of his supervisory role as the head of the Orleans Parish Prison and the employer of the offending deputies.

A supervisory official cannot be held liable pursuant to § 1983 under any theory of *respondeat superior* simply because an employee or subordinate allegedly violated the plaintiff's constitutional rights.  *See Alton v. Texas A&M Univ.*, 168 F.3d 196, 200 (5th Cir. 1999); *see also Baskin v. Parker*, 602 F.2d 1205, 1220 (5th Cir. 1979).  A state actor may be liable under § 1983 only if he "was personally involved in the acts causing the deprivation of his constitutional rights or a causal

connection exists between an act of the official and the alleged constitutional violation." *Douthit v. Jones*, 641 F.2d 345, 346 (5th Cir. 1981); *see also Watson v. Interstate Fire & Cas. Co.*, 611 F.2d 120 (5th Cir. 1980). Jeanpierre, however, has not alleged that Sheriff Gusman was personally involved in the acts about which he complains.

Instead, Jeanpierre names Sheriff Gusman simply because he is the Parish Sheriff. Thus, Jeanpierre's claims against Sheriff Gusman are frivolous and otherwise fail to state a claim for which relief can be granted pursuant to § 1915(e), § 1915A, and § 1997e.

### B. <u>Custodian</u>

Jeanpierre also named as a defendant "[C]ustodian (Warden, Superintendent, Jailor, or [A]uthorized [P]erson having custody of applicant)." In doing so, he failed to name a proper defendant.

A Section 1983 action must be filed against an actual identified person. *Francis v. Terrebonne Parish Sheriff's Office*, Civ. Action No. 08-4972, 2009 WL 4730707, at *3 (E.D. La. Dec. 9, 2009); *August v. Gusman*, Civ. Action No. 06-3962, 2008 WL 466202, at *7 (E.D. La. Feb. 13, 2008); *Staritz v. Valdez*, No. 3-06-CV-1926, 2007 WL 1498285, at *2 (N.D. Tex. May 21, 2007); *Banks v. United States*, Civ. Action No. 05-6853, 2007 WL 1030326, at *11 (E.D. La. Mar. 28, 2007); *Vollmer v. Bowles*, Civ. Action No. 3:96-CV-0081, 1997 WL 102476, at *2 (N.D. Tex. Feb. 28, 1997). Because Jeanpierre cannot pursue a lawsuit against unidentified individuals, the claims against the unidentified defendants should be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e) and § 1915A and 42 U.S.C. § 1997e, and for otherwise failing to state a claim upon which relief can be granted.[8]

---

[8]Even if Jeanpierre had properly named these defendants, the claim is still subject to dismissal. Similar to Sheriff Gusman, the plaintiff seemingly names "[C]ustodian (Warden, Superintendent, Jailor, or [A]uthorized [P]erson having custody of applicant)" as parties because of their various roles as supervisory officials. However, as explained in Section III.A., *supra*, supervisory officials cannot be held liable pursuant to § 1983 under any theory of *respondeat superior* simply because an employee or subordinate allegedly violated the plaintiff's constitutional rights. *Alton*, 168

**IV.     Recommendation**

It is therefore **RECOMMENDED** that Jeanpierre's 42 U.S.C. § 1983 claims against the defendants, Sheriff Marlin Gusman and Custodian (Warden, Superintendent, Jailor, or Authorized Person having custody of applicant) be **DISMISSED WITH PREJUDICE** as frivolous pursuant to 28 U.S.C. § 1915(e) and § 1915A and 42 U.S.C. § 1997e, and for otherwise failing to state a claim upon which relief can be granted.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[9]

New Orleans, Louisiana, this 17th day of June, 2011.

　　　　　　　　　　　　　　　　　　　　**KAREN WELLS ROBY**
　　　　　　　　　　　　　　　　　　　　**UNITED STATES MAGISTRATE JUDGE**

---

F.3d at 200; *see also Baskin*, 602 F.2d at 1220.

[9]*Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.